Karen M. Gazda, Esq. Informal Opinion Town Attorney No. 95-49 Town of Clifton Park One Town Hall Plaza Clifton Park, New York 12065
Dear Ms. Gazda:
You inquire whether a town board may approve a combined sewer-rate petition jointly submitted by two independent sewage-works corporations. You informed us that each corporation operates a distinctly separate sewer area within the town pursuant to Article 10 of the Transportation Corporations Law. Specifically, you ask whether each individual sewage-works corporation is required to submit a petition for a sewer rate relating to its service area (based upon that area's particular revenue requirements and operating expenditures), or whether two sewage-works corporations may seek a combined sewer rate (by joining their rate bases, rates of return, revenue requirements and user pools).
Based upon information you have provided to this office, we understand that the joint petitioners in this instance are the Crescent Waste Treatment Corporation (Crescent Waste) and the Crescent Estate Sewerage Disposal Corporation (Crescent Estate). Since its incorporation on July 11, 1969, Crescent Waste has operated the sewer area serving the Foxwood Apartments Development in the Town of Clifton Park. Crescent Estate, incorporated on November 23, 1965, operates a separate sewer area which serves approximately 204 acres of property in the Town. Both entities are sewage-works corporations organized pursuant to Article 10 of the Transportation Corporations Law; their rates must therefore be set in accordance with the provisions of that Law.
By enacting Article 10, the Legislature established in the Transportation Corporations Law an alternate means of providing sewer services to areas of the state not served by a municipal sewer district established pursuant to Article 5-A of the County Law or Article 12 or 12-A of the Town Law. See, Bill Jacket, Governor's Memorandum, L 1960, ch 1067. By nature, sewage-works corporations are designed to be limited entities whose authority is prescribed by the Transportation Corporations Law and by the scope of the franchise granted by the local governing body under that Law. See, 1977 Op Atty Gen (Inf) 117.
The powers and duties of sewage-works corporations are strictly limited to the specific geographic areas in which they have been authorized to operate. See, Transportation Corporations Law § 122(1). Geographical jurisdiction must be expressly stated in each corporation's certificate of incorporation, which may only be filed if a certificate of the municipality where service is to be provided is appended consenting to provision of services by the corporation in the area described in the certificate of incorporation. See, Transportation Corporations Law §§116(1), 117; see also, Bill Jacket, L 1960, ch 1067. Thus, a sewage-works corporation may conduct its operations only within a specific "sewer area" approved by the municipality. See, Transportation Corporations Law § 115(1). Unless the town board consents to amendment of the certificate of incorporation of a sewage-works corporation formed under Transportation Corporations Law Article 10, the corporation may not extend or modify the territory it serves outside the area specified in its certificate.[1] See, 1977 Op Atty Gen (Inf) 117.
Article 10 requires municipal review and approval of each individual sewage-works corporation's proposed plans and specifications for its area of operation. The municipality must retain a licensed professional engineer to review the adequacy of these plans. See, Transportation Corporations Law § 118(1)(a). In addition, to ensure that the system meets applicable health and safety requirements, Transportation Corporations Law § 117 requires that the plans for each corporation also be reviewed and approved by the department of health having jurisdiction over the system.
Transportation Corporations Law § 121 sets forth the duties of a sewage-works corporation and the mechanism by which sewer rates are to be set. Section 121 states, in pertinent part, that a sewage-works corporation must supply sewage facilities to a city, town, village or other municipal "area or district wherein such corporation operates, andthe inhabitants therein . . . at fair, reasonable and adequate ratesagreed to by the corporation and the local governing board." See, Transportation Corporations Law § 121. Emphasis added. It seems clear from this language that services are to be provided by a sewage-works corporation to a specific geographic area with the costs charged to the inhabitants of that area at fair, reasonable and adequate rates. Seealso, Transportation Corporations Law § 119(4) stating that in the event the municipality takes over the operation of the system, costs and rates are to be assessed against the users of that system.
We conclude that each sewage-works corporation may operate only in the geographic area in which the municipality has granted approval. Each corporation's operations are to be financed through the imposition of fair, reasonable and adequate rates upon the inhabitants of the particular area served by the corporation. It follows, in answer to your question, that each sewage-works corporation must petition for a sewer rate that is directly related to the cost of operating and maintaining its own sewer system for its own users in its approved area of operation. There is no authority for the municipal approval of a combined sewer rate or increase for two sewage-works corporations, regardless of the revenue needs or circumstances of either corporation.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Sincerely,
JOSEPH CONWAY
Assistant Attorney General
[1] In addition, we note that Transportation Corporations Law Article 10 clearly differentiates between a "sewer area," see, Transportation Corporations Law 115(1), and a "sewer district," see, Transportation Corporations Law 115(4). Sewer districts have their rates set under the Sewer Rent Law, General Municipal Law 450 et seq.